IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MENARD, INC., a Wisconsin corporation,

Plaintiff,

vs.

DIAL-COLUMBUS, LLC a/k/a DIAL COLUMBUS LLC, a Nebraska limited liability company; DKC-COLUMBUS, LLC, a Nebraska limited liability company; and TERRY L. CLAUFF, a Nebraska resident,

Defendants.

4:12-CV-3077

MEMORANDUM AND ORDER

This matter is before the Court on the defendants' Motion to Set Aside Entry of Default (filing 14). No response has been filed in opposition to the defendants' motion. The motion is granted.

The procedural history of this case is not complex. The plaintiff filed its complaint (filing 1) on April 19, 2012. Service of process was effectuated on April 24. Filings 7, 8, and 9. The defendants' answers were due on May 15, *see* Fed. R. Civ. P. 12(a)(1), but no answer was filed. On May 22, the plaintiff moved for a clerk's entry of default, which was entered the same day. Filings 10 and 12. Notices of the clerk's entry of default were mailed to the defendants on May 22, and on May 30, the present motion to set aside the entry of default was filed.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause . . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). The

defendants here are entitled to the more lenient "good cause" standard in considering its motion to set aside. *See id.*

Here, the defendants' explanation for their default is that confusion and miscommunication among the various defendants resulted in a failure to file a timely response. Filing 15 at 4. While this does not exonerate them, it is understood that relief from a default may be available even when the failure to comply with the filing deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000). And the Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "'marginal failure'" to meet pleading or other deadlines. *Johnson*, 140 F.3d at 784

In this case, the evidence shows a "good faith, relatively brief default in the filing of an initial pleading, caused by poor communication" among the defendants. *See id.* The defendants have also alleged the existence of several meritorious defenses to the plaintiff's claim, and obviously, the plaintiff's failure to oppose the defendants' motion means that the merits of those defenses are uncontested for purposes of this motion. Along the same lines, the plaintiff's failure to oppose the motion means that there is no basis for concluding that the plaintiff has been prejudiced in a "concrete way," *see Stephenson*, 524 F.3d at 915, given that "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Therefore,

IT IS ORDERED:

1. The defendants' Motion to Set Aside Entry of Default (filing 14) is granted.

2. The Clerk's Entry of Default (filing 12) is set aside.

3. The defendants shall have until July 27, 2012, to file their responsive pleadings or motions.

Dated this 6th day of July, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge