IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MENARD, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>DIAL-COLUMBUS, LLC, et al.,<br><br>                    Defendants. | 4:12-CV-3077<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendant Terry L. Clauff's Motion to Alter or Amend Judgment Pursuant to Rule 59 or 60 (filing 67). Clauff's motion will be denied.

Although Clauff frames his motion alternatively under Fed. R. Civ. P. 59(e) or 60(b), he relies primarily on Rule 59, and rightly so: his motion was filed within 28 days after the entry of the judgment, and any motion that draws into question the correctness of the judgment is functionally a motion under Rule 59(e), whatever its label. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Clauff's motion attacks the correctness of the Court's judgment, claiming it is based on a "manifest error of fact and law." Filing 67 at 1. Accordingly, the Court will consider it as a motion to alter or amend the judgment pursuant to Rule 59(e).

Rule 59(e) was adopted to make clear that the Court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment. *Norman,* 79 F.3d at 750. Accordingly, a Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013). Such a motion cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Clauff's motion raises three arguments. First, Clauff reasserts his contention that individual liability should not be imposed pursuant to Neb. Rev. Stat. § 21-2635 unless the contracting parties specifically intended to hold the purported company agent personally liable. Filing 68 at 2-3. The Court disposed of this argument in its Memorandum and Order of December 30, 2013 (filing 65), and will not revisit it here.

Second, Clauff asserts that his execution of the lease assignment was not "without authority" within the meaning of § 21-2635 because the contract

was subsequently "ratified" by DKC-Columbus. Filing 68 at 3. This argument was implied but not developed in Clauff's brief opposing summary judgment, *see* filing 56 at 7, and it receives just as little attention in his present motion. Clauff cites no authority supporting his contention that DKC-Columbus' subsequent adoption of the contract, standing alone, relieved him from liability, and that is not surprising: § 21-2635 contains no such exception, and the weight of authority does not favor Clauff. *See generally*, 1A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations* §§ 190, 215, & 216 (2012 ed.); 12 Richard A. Lord, *Williston on Contracts* § 35:71 (4th ed. 2012); Restatement (Third) of Agency § 4.04 cmt. c (2006).

Clauff uses the term "ratified," although it would be more accurate to characterize a subsequently formed company as "adopting" a contract. *See Stolmeier v. Beck,* 441 N.W.2d 888, 892 (Neb. 1989); *see generally* Lord, *Williston on Contracts* § 35:71. And as the Restatement explains,

> a person not in existence at the time of an act or transaction may not subsequently ratify it. Instead, a person may elect to become bound under such circumstances by adopting what was done prior to the person's existence. Adoption operates analogously to ratification because it requires assent or affirmance on the part of the ratifier. Unlike ratification, adoption does not have a relation-back effect. *Additionally, an adoption, unlike a novation, does not itself release obligors from liabilities created by the original transaction*.

Restatement (Third) of Agency § 4.04 cmt. c. at 325-26 (emphasis supplied). Simply put, while DKC-Columbus *could* have indemnified Clauff, and Menard *could* have relieved Clauff of liability, there is nothing to suggest that they actually did so.

Finally, Clauff argues that "the relevant date is not the date the Lease Assignment was *executed*; but rather, the date the obligations imposed upon DKC-Columbus became *effective*." Filing 68 at 3 (emphasis in original). Clauff asserts that the opening of Menard's new store was a condition precedent to the lease assignment, such that the assignment did not become effective until after the new store opened—which was also after DKC-Columbus was organized. From this, Clauff concludes that the lease assignment was "authorized" by the time it actually took effect. *See* filing 68 at 4-6.

The Court did not address this argument in its Memorandum and Order of December 30, 2013 (filing 65), and for good reason: Clauff did not raise this argument in opposition to summary judgment. *See* filing 56. And the Eighth Circuit has repeatedly stated that arguments and evidence which

- 2 -

could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion. *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir. 2003); *see Holder,* 721 F.3d at 986. In any event, Clauff's argument (even had it been properly preserved) is without merit: "the questioned provision was not a condition precedent to the existence of the contract, it was a condition precedent to performance of the work."[1] *See Omaha Pub. Power Dist. v. Emp'rs' Fire Ins. Co.,* 327 F.2d 912, 915-16 (8th Cir. 1964) (applying Nebraska law). Nor would any condition precedent, even to the existence of the contract, change the fact that personal liability under § 21-2635 is triggered by the act of the promoter, not the effective date of any resulting agreement.

In sum, the Court finds no manifest errors of law or fact in its previous judgment, and will deny Clauff's motion to alter or amend. Accordingly,

> IT IS ORDERED that Defendant Terry L. Clauff's Motion to Alter or Amend Judgment Pursuant to Rule 59 or 60 (filing 67) is denied.

Dated this 26th day of February, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] And, the Court notes, a strong argument could be made that the lease assignment was not a stand-alone document—that the lease assignment and the purchase and sale agreement were "made in reference to and as part of the same transaction" and were, in fact, "one contractual undertaking." *See Norwest Corp. v. State, Dept. of Ins.,* 571 N.W.2d 628, 634 (Neb. 1997). If that is the case, then both parties were required to immediately perform some obligations under that single contractual undertaking, forestalling any argument that a condition precedent for assignment of the sublease could be a condition precedent for the *existence* of the parties' entire contractual relationship.